UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 18 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

Maria-Michelle Canulla _____

_____

_____
(Name of plaintiff or plaintiffs)

v.   CIVIL ACTION NO. 4:20cv286-BSM
     (case number to be supplied by the assignment clerk)

Lowes Comopanies Inc, _____

_____

_____
(Name of defendant or defendants)

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, Maria-Michelle Canulla _____, is a
            (name of plaintiff)
citizen of the United States and resides at 1800 S Taylor St _____,
                                              (street address)
Little rock _____, Pulaski _____, Arkansas _____, 72204 _____,
   (city)              (county)         (state)           (ZIP)
5012476208 _____.
 (telephone)

3. Defendant, Lowes Comanies Inc _____, lives at, or its
              (name of defendant)
business is located at 1100 S Bowman Rd _____, Little Rock _____,
                         (street address)                    (city)
Pulaski _____, Arkansas _____, 72211 _____.
(county)         (state)          (ZIP)

4. Plaintiff sought employment from the defendant or was employed by the

defendant at <u>1100 S Bowman Rd</u>, <u>Little rock</u>,
                 (street address)                                       (city)
<u>pulaski</u>, <u>Arkansas</u>, <u>72204</u>.
(county)             (state)            (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about <u>11/30/2018</u>.
                                  (month)     (day)     (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about <u>04/05/2019</u>.
                                  (month)     (day)     (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on <u>12/23/2019</u>, a copy of which notice
                              (month)     (day)     (year)
is attached to this complaint.

8. Because of plaintiff's (1) _____ race, (2) _____ color, (3) _____ sex, (4) _____ religion, (5) __X__ national origin, defendant:

    (a) _____ failed to employ plaintiff.

    (b) __X__ terminated plaintiff's employment.

    (c) _____ failed to promote plaintiff.

    (d) <u>ADA, ADAA, Rehab Act, Sect 502 and 504; Ar Rehab Act, Ar Civil Right</u>
<u>Retailaion</u>
_____
_____
_____

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: I was hired as temporary employee under 502. About 10/2017. I let it be known immediately of some reasonable accomadations & a pre plan operation. Mr Fairchild Hired me. I began to request to become a Permenment part time employee. After Christmas, Fairchild & Wesley agreed. I began the new year as a Perm part-time employee. Mr Tune, HR, did not agree with my request and harassed me. It got worse after recieving approval for Medical Leave by Reed Group Company Internal FMLA/ADA (ADA) for proceedure (Feb but changed to April) I completed all forms within in time notifying Including ER Central Services Internal Reed / ER Central Services and HR Services all were aware all. I was released to return to work 9/2019. The Reed group released me 9/13/19. Ignored for weeks, Mr Tunes refused my return. Lowes was hiring, I re-applied only to be told not qualfiy.

10. The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) __X__ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) __X__ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d) __X__ Defendant be directed to $36,000

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
SIGNATURE OF PLAINTIFF

(3) What specific action have you taken to reconcile and improve this situation, including discussing it with your immediate supervisor? What has been the outcome of these efforts? (May attach addendum.)

I had asked to sit down to meet with Rachel in December, she refused to talk to me. I have asked if I could be supervised by someone else because I feel that Rachel has a vendetta against just because I will take the initiative in doing things. I am still being supervised by her.

(4) What specific remedy do you request? (May attach addendum.)
To be supervised by someone other than Rachel

| Employee's Signature | Date |
|---|---|

**For EEO/Grievance Officer Use Only**

Grievance Case No. _____

Date Grievance Form Received _____
                                        Month    Day    Year

Is the matter grievable?   Yes ☐   No ☐

**Grievant must choose only one option below.**

☐ I am requesting to have this matter mediated through OPM.

☐ I am requesting to have this matter proceed through the formal grievance procedure.

Employee Representative Name (if applicable) _____

Address _____    Phone _____

EEO/Grievance Officer Signature and Date _____

EEO/Grievance Officer Comments:

HR-2801 (R 6/11)

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Maria-michelle Canulla<br>1800 S Taylor St<br>Little Rock, AR 72204 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-01001 | Johnny L. Glover,<br>Investigator | (501) 324-6475 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

DEC 2 3 2019

*(Date Mailed)*

Enclosures(s)

cc:   Guiselle F. Mahon
Corporate Counsel
Lowe's Home Centers, LLC
1000 Lowe's Blvd
Mailcode: NB6LG
Mooresville, NC 28117

Lawrence Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, AR 72206

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2019-01001 |

_____ null _____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Maria-michelle Canulla | (501) 247-6208 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1800 S Taylor St, Little Rock, AR 72204 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| LOWE'S | 15 - 100 | (501) 435-3164 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1100 S Bowman Rd, LITTLE ROCK, AR 72211 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☒ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION
☒ OTHER *(Specify)* Equal Pay

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-24-2018    Latest: 04-05-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired in November 2017 in Customer Service Sales. Around April 2018, I went on ADA leave. On several occasions, I have been asked to show papers as to whether or not I am legal to work. Male employees are paid more than female employees. Around September 24, 2018, I was released to return to work. I sent numerous emails to human resources, the Reed Group, ER Central that I was released to return to work. I submitted my release to return to work statements from my doctors. Around November 2018, I applied for rehire. I have not been allowed to return to work.

Around the end of October 2018, the local Human Resources Manager told me that he did not have to bring me back to work. I was told that they wanted someone with more experience.

I believe I was paid less wages because of my sex, female, in violation of Title VII and the Equal Pay Act and questioned about my ethnicity because of my national origin, Italian, in violation of Title VII and denied a reasonable accommodation, discharged and denied rehire because of my disability and in retaliation for applying for ADA leave, in violation of The Americans With Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Maria-michelle Canulla on 04-05-2019 02:06 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Charge Number: 493-2019-01001

Introduction: I am submitting the following Second Attempt and Amendment to the EEOC Charge Number 493-2019-01001. I am uncertain if the Amendment I did carry with me to the EEOC office was in fact amended and attached to the Charge Sheet. At that time I visited your office and brought with me an amendment. While I was waiting to file the Amendment, Ms. Glover came into the lobby and asked if I could follow her. She stated that this matter would be mediated. She inquired if I still wanted to add the Amendment because it would prolong the mediation. I confirmed my request to add the amendment as well as the mediation. The process failed quickly. At this moment I would like to know the status.

When I read the EEOC charge sheet outloud, I realized that the narrative was chronologically out of order. Additionally I did go back and request to add 504 Rehab Act and Equal Pay Act to the charge sheet. The Equal Pay Act was corrected but the 504 Rehab Act was still left off the charge sheet and in the narrative.

### Second Attempt and Amendment to EEOC Charge

I do wish to correct the charge information. Below is what should be amended:

I was hired at Lowe's in October 2017 in Customer Service Sales as a Part Time/Seasonal Employee. During the hiring process, I submitted my Ticket-to-Work, under the Social Security Administration and AR DHS. On my application for employment, I checked the boxes for disability and hire under the 504 Rehab Act. Additionally, I verbally informed Chris Farichild, the Assistant Manager at Lowe's, in the job interview that I had minimal accommodations for the position and I qualified for disability under ADA and 504 Rehab Act. I informed all management that I was scheduled for a Medical Procedure to take place approximately February 2018.

After the Christmas season early in 2018 I was offered and accepted a permanent part-time position. Due to upcoming medical procedures and appointments, I applied for and received ADA leave and accommodations. As a result, I was retaliated against in various ways by Lowe's management.

From April 2018 until November 2018, I submitted to Lowe's the requisite documentation from physicians that my leave be extended under ADA. Around September 24, 2018, I was released to return to work. I submitted my release to return to work statements from my doctors. I was not put back on the schedule to work. I began calling and going to the store location frequently to inquire when I can return to work.

Around November 2018, I found out that I was removed as an employee. I kept getting the same answer from management, that I would have to speak with HR manager Jason Tunes. After several unsuccessful attempts, I finally was able to talk with Mr. Tunes.

I asked when I could return to work, and he stated that he did not have to allow me to work based on my original application was a seasonal employee.

I asked if I can apply in any other areas and Mr. Tunes stated "all I have are full time positions." Even after I applied for the full-time positions; I was denied and the reason stated was that I did not have the experience needed. Further more since September 2018 to this Date: there is a large sign on the corner "HIRING ALL POSITIONS LOWES."

These actions are in violation of Lowes own ADA` policy, as well as ADA, section 504. Specifically I am referring to the Lowe's policy that an employee under ADA can return to work within a year. If the April 2019 date is HR date of separation, then this is false. Thus it would mean that I qualify under the timeframe.

I believe I was paid less wages because of my sex (being a woman) in violation of Title VII and the Equal Pay Act and questioned about my ethnicity because of my national origin (Italian) in violation of Title VII and denied a reasonable accommodation, ADA, ADAA, and under 504 Rehab Act, (504 Rehab Act should be added to the charge sheet.) I was discharged and denied rehire because of my disability, and in retaliation for applying for accommodations, ADA leave, in violation of The Americans With Disabilities Act of 1990, as amended, and Lowe's ADA policies and procedures. In addition, I have been made aware of eight or more current and former coworkers at Lowe's who also have issues with pay disparity and denial of maternity leave and are all quite upset. All of the above shows a pattern of practice of discrimination based upon race and sex.

Respectfully Submitted,

/s/ Maria-Michelle Canulla
1800 S. Taylor St.
Little Rock, AR. 72204
501-247-6208                    July 10, 2019

 **Gmail**     michelle canulla <michellecanulla@gmail.com>

## Re: employment staus—I was there again today.

2 messages

---

**michelle canulla** <michellecanulla@gmail.com>     Thu, Nov 8, 2018 at 7:37 PM
To: HR Service Center <HRServiceCenter@lowes.com>, lowes@reedgroup.com, ERCentralServices@lowes.com, wesley.n.hart@store.lowes.com, jason.tune@store.lowes.com, Tony Walk <lwalker@jwwlawfirm.com>

I can gather from evasive manager's response, my employee card not working less than 24 hrs when it did. that it seems the interactive process has been denied, failing to allow for communications, and follow the same processes, procedures set by your company. I have followed all of the steps required by your company, repeatedly. I will be there tomorrow to once again engage in some sort of process. I am really looking forward to returning to Lowes, from Ada leave. i stated and continue to try.
Michelle
Sent from my iPhone

On Nov 8, 2018, at 2:18 PM, HR Service Center <HRServiceCenter@lowes.com> wrote:

> <HR.jpgx>
>
>
> Maria-Mchelle Canulla- please partner with the store location about your employment status.
>
>
> **Thank you,**
>
> **ERCS**
>
> **Short description:** Please call
> **Description:** Sent from my iPhone
>
> Begin forwarded message:
>
> > From: michelle canulla <michellecanulla@gmail.com>
> > Date: November 5, 2018 at 1:06:01 PM CST
> > To: jason.tune@store.lowes.com
> > Subject: Please call
> >
> > Jason please call I have been by and called several times to get back on schedule. Can you please let me know. 5912476208
> >

> Sent from my iPhone

Ref:MSG14400231

---

**michelle canulla** <michellecanulla@gmail.com>      Sun, Jan 27, 2019 at 9:43 PM
Draft To: Lowes <lowes@reedgroup.com>, ERCentralServices <ERCentralServices@lowes.com>

Good Evening,

I would like to request a complete copy of the following documents:

Personnel File

Survey Points and Comments

Payment Stubs

In addition, I would like to inform you that Jason Tunes has ignored the policies and procedures as well as State and Federal Law under ADA, ADAA and Section 504 of the Rehab Act .

Mr. Tunes was very unprofessional. During my efforts to get back on the schedule, I was told to contact him. I called and visited the store but to no avail.

I finally caught Mr. Tunes in his office for once on or about October 30, 2018.. I asked him when I could get back to work. He stated he still needed to get in touch with the Reed Group and ER.

This did not make sense because I have been in recent contact with Ms. Lahti (who is in charge of Lowe's ADA).

In or about November 2018, I saw Wesley Hart, who is my supervisor, in the Lowe's store. I asked him when I could get back to work. He stated that he would speak to Mr. Tunes.

I came in the next night I asked Mr. Hart again and he deferred to Mr. Tunes.

About ten days later, I contacted Mr. Tunes and managed to catch him in his office. I again asked when I could go back to work.

Mr. Tunes then stated "I don't have to take you back." Mr. Tunes stated that my original application (like most Lowe's employees) stated "seasonal help." I was puzzled because of two things.

I was informed by Mr. Hart (and Chris Fairchild) in Spring 2018 that my status was changed from seasonal help to regular employee. In addition, I had applied for ADA leave and accommodations and they were granted. I had previously informed everyone that when I was hired that I had upcoming medical procedures and

appointments. When Mr. Tunes was made aware of my application for ADA leave and accommodations, he stated that it was never going to happen in an adamant tone. Afterwards he was clearly not happy that I was approved for both.

Mr. Tunes did at no point tell me that I was terminated or fired. I then asked him if I could reapply and he quickly said all we are hiring now is full time. I did apply afterwards and was told they were looking at someone with more experience.
I believe that I was retaliated and discriminated (due to my disability and requests for leave and reasonable accommodation) against by Mr. Tunes.

Please let me know if you have any further questions. about anything in this email.

Sincerely,

Michelle Canulla

PS I would like my requests as soon as possible.
[Quoted text hidden]